IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**RANDY COOPER,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 5:09cv93**
                                                      **(Judge Stamp)**

**WARDEN WILLIAM FOX,**
**COMMISSIONER JIM RUBENSTEIN,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On August 12, 2009, the plaintiff, Randy Cooper, an inmate at St. Marys Correctional Center, a West Virginia Division of Corrections facility located in St. Marys, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 together with Motion to Proceed *in forma pauperis* on a format not approved by this court. Following a Notice of Deficient Pleading, the plaintiff filed a second Motion to for Leave to Proceed *in forma pauperis*, along with a Prisoner Trust Account Statement and a Consent to Collection of Fees from Trust Account Report.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

While incarcerated, the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

The plaintiff, in his complaint, alleges that the defendants retaliate against him daily, "24-7" and threaten him with comments that he is "WIRED UP" in his right neck. It appears that the plaintiff is also alleging that a "VERI–Chip/Transmitte" [sic] has been implanted in his body that allows the defendants to monitor his movements and/or coordinate his movements. Finally, the plaintiff alleges that the defendants have singled him out and treat him differently than others. Not only do these assertions not qualify as a claim of imminent danger of serious physical injury, they are irrational and wholly incredible.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 2 and 6) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being

---

[1] Between September, 1999, and March 1, 2005, the plaintiff initiated 32 actions in the United States District Court for the Southern District of West Virginia. Six of those actions were dismissed as frivolous, three more were dismissed pursuant to 28 U.S.C. § 1915(g), and eleven were dismissed with the plaintiff being enjoined from filing further actions. See Cooper v. Jim Rubenstein, et al., case no. 5:05cv0177 (SDWV) dkt. entry 6 setting forth the plaintiff's filing history in that court. Furthermore, the plaintiff acknowledges in his instant complaint that there is a pre-filing injunction against him in the United States District Court for the Southern District of West Virginia. (Doc. 1, p.1).

denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff.

DATED: 9-8-09

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE