IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY COOPER,

    Plaintiff,

v.                                    Civil Action No. 5:09CV93
                                                  (STAMP)

WARDEN WILLIAM FOX and
COMMISSIONER JIM RUBENSTEIN

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, Randy Cooper, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants' comment that he is "wired up,"[2] single him out and treat him differently than others, and monitor his movements through a "VERI-Chip/Transmitte" [sic] the defendants allegedly installed in the plaintiff's body. The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation. On September 8, 2009, the magistrate judge entered a report and recommendation that the plaintiff's motions for leave

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] In his complaint, the plaintiff alleges that the defendants commented to him that he was wired up. Later, in the first objections to the magistrate judge's report and recommendation, it appears the plaintiff alleges that he is "wired up."

to proceed in forma pauperis be denied and that his complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed two separate objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the

2

complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief. In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1915 also incorporates what is commonly referred to as a "three strikes" provision. See 28 U.S.C. § 1915(g) (2000). This provision states that an inmate who has submitted three prior actions or appeals that were later dismissed as frivolous, malicious, or for failure to state a claim is not allowed to proceed in future actions brought in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statute does not preclude the inmate from filing additional actions, but does deny him the ability to proceed under pro se status. In this case, the plaintiff has previously filed at least three civil actions that have failed to state a

3

claim.[3]  Thus, his motion to proceed in forma pauperis must be denied unless he can demonstrate "imminent danger of serious physical injury."

Courts have found that such "imminent danger" can be present in a number of circumstances, including the consumption of unsafe drinking water, Helling v. McKinney, 509 U.S. 25 (1993), exposure to environmental tobacco smoke, Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998), placement of an inmate near known enemies after two stabbing incidents, Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), and alleged deliberate indifference to dental needs that resulted in multiple tooth extractions, McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002).  Moreover, a district court has found that denial of necessary medical treatment for back pain and acid reflux can also present such danger.  Bond v. Aquinaldo, 228 F. Supp. 2d 918 (N.D. Ill. 2002).  However, in such cases the plaintiff's complaints have been supported by proof of "ongoing serious physical injury[] or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

[3] See Cooper v. Jim Rubenstein, et al., Case No. 5:05cv177 (S.D. W. Va.) (describing the plaintiff's filing history in the Southern District of West Virginia).  The plaintiff filed thirty-two actions in the United States District Court for the Southern District of West Virginia between 1999 and 2005.  The Southern District dismissed six actions as frivolous, three pursuant to 28 U.S.C. § 1915(g), and eleven with an injunction from filing any more actions.

Here, the plaintiff does not allege that he is in serious danger of imminent physical injury. Rather, the magistrate judge is correct in his recommendation that the plaintiff's claims are "irrational and wholly incredible." In the plaintiff's second objection, for the first time, the plaintiff seeks punitive damages to deter the defendants from harming him in the future. The plaintiff's new assertion does not change the result expressed in the magistrate judge's report and recommendation. Thus, the plaintiff is barred from pursuing his claims under § 1915.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's motion to proceed in forma pauperis is DENIED, and his complaint is DISMISSED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 25, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE